Cushing, J.
The action in the court of common pleas was for divorce. The parties were married *336 in. London, England, July 24, 1907. They lived together for about four months. The husband then deserted the wife. In 1914 he came to Cincinnati, and obtained employment. In 1917 he purchased a farm in Clermont county, where he has since resided.
January 21, 1921, the wife filed this action for divorce. The husband acknowledged receipt of service of summons and attempted to enter his appearance in the cause.
The record is, that the wife has never actually been in or resided in Ohio, or in the United States.
The husband did not answer or demur. The cause was uneontested. The trial court dismissed the petition on the ground that it did not have jurisdiction under the statute of Ohio to hear a case where .the plaintiff was not a resident of the county or the state of Ohio.
In a carefully prepared brief, counsel for plaintiff in error advance the theory that residence and domicile are synonymous terms; that ithe domicile of the wife is that of the husband, and therefore in contemplation of law she is domiciled in Clermont county, Ohio, although counsel admit that she has never actually resided in either. It is sought by interpretation to have the word “residence,” used in Section 11980, General Code, read “domicile.”
Counsel’s theory of the case appeals to the court as possessing merit and justice, and it would seem only just that where an action is brought in the county of the husband’s residence, the wife should be granted, a hearing. However, a review of the decisions in the United States renders such a determination impossible..
*337 In Friedrich v. Friedrich, 230 Mass., 59, 119 N. E. Rep., 449, the court held that under the statute of Massachusetts a wife residing in New York could not maintain an original libel for divorce in the courts of Massachusetts, although'the husband lived in that state and county, and had so. resided for more than four years preceding the filing of the action.
In Rudolph v. Wetherington’s Admr. et ad., 180 Ky., 271, the court considers the question of domicile and residence. Mrs. Nellie Wetherington was a resident of Arkansas. She formed and expressed an intention ito remove and become a citizen of Ballard county, Kentucky, and, in furtherance of that intention, left her home in Arkansas, with her personal belongings, November 20, 1916, arriving at the city of Paducah, Kentucky, November 24, and was taken sick and died November- 26, 1916, without having been in Ballard county. She died intestate, leaving two insurance policies, which upon her death became due her estate. Application was made in Ballard county for the appointment of an administrator. The statute provided that the court could appoint an administrator in the county-of the deceased’s residence. The court in that case cites Boyd’s Exr. v. Commonwealth, 149 Ky., 764, which quotes Dicey on Conflict of Laws, page 106, as follows:
■ “The only principle which can be laid down as governing all questions of domicile is this, that where a party is alleged to have abandoned his domicile of origin, and to have acquired a new one, it is necessary to show that there was both the factum and the animus. There must be the act, and there must be the intention.”
*338 The court, in Boyd’s case, further quotes 14 Cyo., at page 838:
“Domicile of choice is entirely a question of residence and intent or, as it is usually put, the factum and the animus. Both must concur in order that the domicile may be deemed established.”
In Gordon v. Yost, 140 Fed. Rep., 79, the court says in the syllabus:
‘ ‘ The rule that the domicile of the husband is that of the wife does noit apply in cases of desertion by the husband.”
The question here presented was considered in the case of Dutcher v. Dutcher, 39 Wis., 651. In that case the court, in proposition 3 of the syllabus, holds:
“The rule that the domicile of the wife follows that of the husband, is inapplicable, at least under our statute, to a case of divorce, where the parties are actually living in different jurisdictions; and the fact that the husband’s domicile has been in this state for many years will not enable, the wife to sue for a divorce here, if she has continued to live in another state.”
Section 4, Article TV of the Constitution of Ohio, provides:
“The jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law.”
Section 11979, General Code, provides:
“Courts of common pleas may grant divorces for the following causes * *
Section 11980, General Code, provides:
“Except in an action for alimony alone, the plaintiff must have been a resident of the state at least one year before filing the petition. Actions for divorce or for alimony shall be brought in the county of *339 which the plaintiff is and has been for at least thirty-days immediately preceding the filing of the petition, a bona fide resident or in the county where the cause of action arose.”
The cause of action in this case arose in London, England. The domicile of the marriage was in London, England. The language of the statute is plain and unambiguous, and on the question of the jurisdiction of the court in divorce cases the statute must be followed.
The judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Hamilton, P. J., and Bitohwalter, J., concur.