DLD-059                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2568
_____

SEAN M. DONAHUE,
Appellant

v.

COUNTY OF DAUPHIN; DAUPHIN COUNTY PRISON; PA STATE CAPITAL
POLICE; PENNSYLVANIA DEPARTMENT OF GENERAL SERVICES; UNKNOWN
DAUPHIN COUNTY PRISON GUARDS AND ADMINISTRTION EMPLOYEES;
LYNN KATIE ADAM; RICHARD C. SCHUR; GREGORY L. BUDMAN; LISA M.
SAUDER; ELAINE B. STALFA; MARY JANE MCMILLAN; HEATHER ROTH

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1-18-cv-00839)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2018
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 10, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sean Donahue, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Donahue was convicted in Pennsylvania state court of two counts of harassment and sentenced to two years' probation. The charges arose from email messages he had sent to Commonwealth employees. Thereafter, Donahue filed a complaint in District Court pursuant to 42 U.S.C. § 1983 against Dauphin County, Dauphin County Prison, the Pennsylvania State Capital Police, the Pennsylvania Department of General Services, Katie Lynn Adam, the prosecutor in his criminal case, Richard Schur, a state capitol police officer who prepared the criminal complaint, Gregory Budman, a state capitol police officer, and several Commonwealth employees.

Donahue raised a multitude of claims in his 205-page complaint. He primarily claimed violations of his due process and First Amendment rights stemming from his preliminary hearing and trial and the appellate review of his conviction. He also claimed that the defendants, among other things, engaged in conduct designed to lead to his arrest.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and adopted the Magistrate Judge's report and recommendation to dismiss it. The District Court ruled that Donahue's claims are either barred by Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a claim under § 1983 where a judgment in the plaintiff's favor would necessarily imply the invalidity of a conviction unless the conviction has been overturned, or are time-barred because they accrued more than two

2

years before Donahue filed his complaint. The District Court also ruled that the witnesses at Donahue's trial are entitled to immunity, that the Pennsylvania State Capitol Police and the Pennsylvania Department of General Services are entitled to Eleventh Amendment immunity, that defendant Adam is entitled to prosecutorial immunity, and that defendant Budman had no personal involvement in the proceedings. Finally, the District Court dismissed Dauphin County and Dauphin County Prison because Donahue did not allege that either had a policy "for which they may be vicariously liable for the conduct of their subordinates." Memorandum at 4. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Donahue argues in support of his appeal that Heck should not grant immunity to state actors who violate defendants' rights. To the extent Donahue questions Heck's rationale, its rule prevents a claimant from succeeding in a civil action after having been convicted in the underlying criminal case, a result that would be contrary to the policy against creating two conflicting resolutions arising from the same transaction. Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005). To the extent Donahue contends Heck is invalid, that contention is meritless and we lack authority to overrule a Supreme Court decision.

Donahue also asserts that the Magistrate Judge noted in his report that he had the option of attaining habeas relief and asks that we remand and order the District Court to convene such proceedings. The Magistrate Judge noted only that Donahue had not yet

3

challenged his conviction by a federal habeas petition. Whether habeas relief is available is not relevant here; Heck applies whether or not a claimant has recourse under the habeas statute. Bronowicz v. Allegheny County, 804 F.3d 338, 345 n.12 (3d Cir. 2015).

Donahue also states that perhaps not every point raised in his complaint necessitates a reversal of his criminal conviction should he succeed. Although Donahue does not elaborate, we agree that success on some of the claims that the District Court found barred by Heck may not necessarily imply the invalidity of his conviction. For example, in count eight of his complaint Donahue claims a violation of his Fourth Amendment rights based on evidence that was allegedly obtained by a police officer without a warrant. While a Fourth Amendment violation may not necessarily imply the invalidity of a conviction, see Heck, 512 U.S. at 487 n.7, Donahue's allegations are devoid of facts supporting an unreasonable search or seizure and do not state a plausible claim for relief. To the extent other counts dismissed under Heck are not barred on this basis, Donahue similarly has not stated a plausible claim for relief and we conclude based on his complaint that allowing amendment would be futile.

Because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.