**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2801
_____

SEAN M. DONAHUE,
                    Appellant

v.


DAUPHIN COUNTY SOLICITORS OFFICE, Harrisburg, PA; DAUPHIN COUNTY
PRISON, Harrisburg, PA; PA STATE CAPITOL POLICE, BUREAU OF POLICE AND
SAFETY, Harrisburg, PA; PENNSYLVANIA DEPARTMENT OF GENERAL
SERVICES, Harrisburg, PA; UNKNOWN DAUPHIN COUNTY PRISON GUARDS
AND ADMINISTRATIVE EMPLOYEES, Harrisburg, PA; KATIE LYNN ADAM,
Prosecutor, Dauphin County District Attorney's Office; RICHARD C. SCHUR,
Corporal, Bureau of Police & Safety, Harrisburg, PA; LISA M. SAUDER, General
Counsel, PA Department of Labor and Industry; MARY JANE MCMILLAN, PA Human
Relations Commission; HEATHER ROTH, PA Human Relations Commission


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-17-cv-01084)
District Judge:  Honorable Sylvia H. Rambo

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 10, 2019)

———————

OPINION[*]

———————

PER CURIAM

Pro se appellant Sean Donahue appeals the District Court's order dismissing his civil-rights complaint. For the reasons detailed below, we will affirm the District Court's judgment.

In November 2014, Donahue sent threatening emails to numerous employees of the Commonwealth of Pennsylvania. The emails concerned, generally, Donahue's belief that these employees had improperly prevented him from obtaining a civil-service job. Based on these emails, Donahue was charged with two counts of harassment and one count of terroristic threats. After a jury trial in the Dauphin County Court of Common Pleas, Donahue was convicted of the harassment charges and the terrorist-threats charge was dismissed. Donahue appealed his conviction, and the Superior Court affirmed. See Commonwealth v. Donahue, No. 1469 MDA 2016, 2017 WL 2418390, at *1 (Pa. Super. Ct. June 5, 2017). The Pennsylvania Supreme Court denied Donahue's petition for allowance of appeal, see Commonwealth v. Donahue, 180 A.3d 1211 (Pa. 2018) (table), and the United States Supreme Court denied certiorari, see Donahue v. Pennsylvania, 138 S. Ct. 2626 (2018).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Donahue then filed a complaint under 42 U.S.C. § 1983 in the District Court. He alleged that the defendants had pursued the criminal charges based on personal animosity and to prevent him from being eligible to obtain a civil-service job. A Magistrate Judge issued a report and recommendation concluding that the claims should be dismissed as barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). Over Donahue's objections, the District Court adopted the report and recommendation and dismissed Donahue's complaint. Donahue then filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

On appeal,[1] Donahue first argues that the Heck bar should not apply because he was not convicted of the terrorist-threats charge. We are not persuaded. To maintain a civil-rights claim that, if successful, would demonstrate the invalidity of a criminal conviction, a plaintiff must show that the criminal proceedings terminated in his favor.

---

[1] We will consider only those issues that Donahue has properly raised in his brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Further, because, as detailed below, we conclude that Donahue has not identified any error in the District Court's conclusion that the matter is barred by the favorable-termination rule, we need not reach his challenges to the District Court's alternative rulings concerning certain defendants' immunity. See, e.g., Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 294 n.8 (3d Cir. 2014).

See Bronowicz v. Allegheny County, 804 F.3d 338, 346 (3d Cir. 2015). We have ruled that the simultaneous conviction on some counts and acquittal on others does not qualify as a favorable termination if "the charges aim[ed] to punish one course of conduct." Kossler v. Crisanti, 564 F.3d 181, 192 (3d Cir. 2009) (en banc). That is precisely what occurred here, where the harassment and terroristic-threats charges aimed to punish Donahue for sending the same four emails. See Donahue, 2017 WL 2418390, at *1. Thus, Donahue has failed to show that the criminal charges were terminated in his favor.

Next, Donahue contends that his claims should have been construed as alleging abuse of process as opposed to malicious prosecution. However, "a section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." Rose v. Bartle, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (internal quotation marks omitted). Because Donahue claimed that the criminal action was improper from the start, the District Court did not err in construing his claim as one of malicious prosecution. See id.; cf. Zimmerman v. Corbett, 873 F.3d 414, 418-19 & nns. 24-27 (3d Cir. 2017) (discussing similar claims under malicious-prosecution framework).

Donahue also contends that § 1983 relief must be available to him, notwithstanding his lack of a favorable termination, because he does not have an avenue for relief under 28 U.S.C. § 2254. Even assuming that Donahue is correct that he cannot challenge his conviction via § 2254, cf. Lee v. Stickman, 357 F.3d 338, 342 (3d Cir.

4

2004) (explaining that "being on probation meets the 'in custody' requirement for purposes of the habeas statute"), we have previously "held that a plaintiff who had never been incarcerated and who had no recourse under the habeas statute was nevertheless subject to Heck's favorable termination rule." Bronowicz, 804 F.3d at 345 n.12. Moreover, while Donahue argues that Heck's rule is unconstitutional, we are bound to follow the Supreme Court's decision. See, e.g., Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005).

Accordingly, we will affirm the District Court's judgment.