DLD-016                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1795
_____

ROBERT BROWNING,
                              Appellant

v.

GLENN A. GRANT, ACTING ADMINISTRATIVE DIRECTOR OF THE NEW
JERSEY COURTS; STUART RABNER, CHIEF JUSTICE OF THE NEW JERSEY
SUPREME COURT; CARMEN MESSANO, PRESIDING JUDGE FOR THE
ADMINISTRATION FOR THE APPELLANT DIVISION OF THE SUPERIOR
COURT OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:20-cv-01587)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2020
Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 6, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Robert Browning, proceeding pro se, filed a 42 U.S.C. § 1983 action naming as defendants the Acting Administrative Director of the New Jersey Courts, the Chief Justice of the New Jersey Supreme Court, and the Presiding Judge for the Administration of the Appellate Division of the Superior Court of New Jersey. In his complaint, he challenged the denial of an application for post-conviction relief he filed in state court after pleading guilty in a criminal case, as well as a civil judgment secured against him, apparently in relation to his criminal case. For relief, he stated his desire to withdraw his guilty plea and proceed to trial. The District Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B),[1] and entered a summary order dismissing the complaint without prejudice on the ground that Browning's § 1983 claims were barred by judicial and quasi-judicial immunity. Browning timely appealed. For the reasons stated below, we will affirm the District Court's dismissal of the action.

We have jurisdiction under 28 U.S.C. § 1291.[2] Our standard of review is plenary, Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we construe Browning's pro se

---

[1] The District Court also referenced 28 U.S.C. § 1915A, the screening statute for complaints filed by prisoners, but it does not appear that Browning was a prisoner when he filed his complaint. Section 1915(e)(2)(B) clearly authorized the District Court's screening here.

[2] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per

complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The complaint and Browning's filings in this Court indicate that he is seeking to vacate his underlying conviction. Any request that a federal court overturn a state-court conviction must be brought in a habeas corpus petition, not a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); cf. Bronowicz v. Allegheny Cnty., 804 F.3d 338, 345 n.12 (3d Cir. 2015) (noting that plaintiff "who had no recourse under the habeas statute was nevertheless subject to Heck's favorable termination rule"). Further, Browning has named as defendants only judges, and "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Browning has not shown that the exception to the general bar on injunctive relief applies. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

Browning argues that the District Court erred by dismissing his complaint based on judicial and quasi-judicial immunity because he did not sue the defendants in their capacities as judges, but rather "as administrators whose policies, rules, and procedures

---

curiam). However, such an order will be final and appealable if the plaintiff "declares his intention to stand on his complaint." Id. at 952. Here, Browning expressly indicated his intention to stand on his complaint in the District Court and in this Court.

denied [him] [his] right to trial." Even assuming these allegations could circumvent judicial immunity, the complaint's allegations that the defendants "are each Administrators and rule makers in the NJ Judicial branch," and that "[t]heir rules denied [him] [his] constitutional right" were conclusory and factually barren, and thus failed to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

Accordingly, the complaint was properly dismissed, and we will summarily affirm.