NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021[*]
Decided December 15, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-2004

| | |
|---|---|
| BRANDON MOCKBEE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 1:19-cv-00548-SEB-MPB |
| JOHN LEE, et al., | Sarah Evans Barker, |
| *Defendants-Appellees.* | *Judge.* |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**ORDER**

Brandon Mockbee, an Indiana prisoner, sued many of the public officials involved in his criminal trial. The district court dismissed his claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for other reasons. Mockbee appeals, raising several challenges to the court's *Heck* analysis. We affirm with one modification.

Mockbee was convicted of Indiana state crimes and received a sentencing enhancement under the state's habitual offender statute, Ind. Code § 35–50–2–8 (2015), based on several out-of-state convictions. Soon after, the Indiana Supreme Court ruled that out-of-state convictions alone cannot trigger that enhancement. *Calvin v. State*, 87 N.E.3d 474, 479 (Ind. 2017), *superseded by statute*, 2018 Ind. Legis. Serv. P.L. 20-2018 (H.E.A. 1033). Based on that ruling, the state court of appeals reversed Mockbee's enhancement as not supported by substantial evidence, otherwise affirmed his conviction and sentence, and remanded to allow for a retrial of the enhancement. *Mockbee v. State*, 97 N.E.3d 311 (Ind. App. 2018).

Mockbee then brought this suit against the prosecutors, the judges, and a court reporter who handled his case for violating his constitutional rights by tampering with the trial record and applying an unlawful sentencing enhancement. *See* 42 U.S.C. § 1983. (He also sued prison officials for not allowing him adequate access to legal materials and other wrongs, but he does not press those claims on appeal.) At screening, the district court dismissed his complaint with prejudice, *see* 28 U.S.C. § 1915A, ruling that the claims related to trial-tampering and the enhancement were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, in any case, the prosecutors and judges had absolute immunity.

Mockbee argues that his claims are not barred by *Heck*. Starting with the claims of tampering with the trial record, Mockbee says that he is not collaterally attacking his conviction, so *Heck* does not apply. But there is no other way to interpret these claims. A determination that the judge, court reporter, and two prosecutors conspired to tamper with the docket and hearing transcripts would "necessarily imply the invalidity" of his conviction, *Heck*, 512 U.S. at 487; *see also Dominguez v. Hendley*, 545 F.3d 585, 588–89 (7th Cir. 2008). Mockbee may not seek damages for these claims unless and until his conviction is set aside. *Heck*, 512 U.S. at 487.

As for the claims based on the sentencing enhancement, Mockbee argues that he did satisfy *Heck* because the enhancement was reversed on appeal. Under *Heck*, a constitutional tort based on a conviction can go forward if "the conviction or sentence

has been reversed on direct appeal," *Heck*, 512 U.S. at 487, and Mockbee's sentencing enhancement was. Although the appellate court's order allowed for a retrial of the enhancement, the docket here reflects that the prosecutors accepted a shorter sentence without it. And a reversal resulting in a shorter sentence is a favorable termination under *Heck*. *See Bronowicz v. Allegheny Cnty.*, 804 F.3d 338, 348 (3d Cir. 2015) (no *Heck* bar when appellate court vacated sentence and remand resulted in shorter sentence).

We nonetheless uphold the dismissal of the sentencing enhancement claims because the defendants are immune from suit. The prosecutors were performing their duties in the judicial process when they sought the enhancement, so they are shielded by absolute immunity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420–29 (1976)). And a judge has absolute immunity for his judicial acts except in the clear absence of jurisdiction, even if "the action he took was in error, was done maliciously, or was in excess of his authority." *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). The state trial judge had jurisdiction over Mockbee during sentencing, so he too is immune.

We conclude with some housekeeping. A claim barred by *Heck* is premature; it should be dismissed without prejudice so it can be refiled if the conviction is later reversed. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). We therefore modify the judgment to reflect that the record-tampering claims are dismissed without prejudice.

As modified, the judgment is AFFIRMED.