**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3341
_____

ROBERT BROWNING,
                                    Appellant

v.

JUDGE JOHN YOUNG, SUPERIOR COURT OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-14578)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2022
Before:  RESTREPO, PHIPPS, and COWEN, Circuit Judges

(Opinion filed: March 23, 2022)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Robert Browning, proceeding pro se, filed a 42 U.S.C. § 1983 action naming as the sole defendant New Jersey Superior Court Judge John Young. Browning challenges the denial of two applications for post-conviction relief he filed in state court regarding his 2013 guilty plea in a criminal assault case, the granting of which, he asserts, will allow him to vacate a civil judgment secured against him for the same assault.[1] In his complaint, Browning admitted to espousing antisemitic views in general, but in particular against the prosecutor from his criminal case, and asserted that Judge Young had not granted the relief he seeks on account of these statements. For relief, he requests that his guilty plea be vacated and a trial held. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and entered a summary order dismissing the complaint with prejudice on the grounds that a habeas corpus petition is the proper instrument by which a criminal defendant may challenge his conviction, and his § 1983 claims are barred by judicial immunity.[2] Browning timely appealed. For the reasons stated below, we will affirm the District Court's dismissal of the action.

---

[1] November 2020, this Court affirmed the District Court's dismissal of a suit Browning filed against different defendants seeking the same relief related to the 2013 guilty plea. See Browning v. Grant, 828 F. App'x 822 (3d Cir. 2020) (per curiam).

[2] In dismissing the complaint with prejudice, the District Court noted that this was the third meritless suit Browning had filed related to his 2013 guilty plea. The Court stated that it would not at that time conclude that Browning was a vexatious litigant and prohibit him from further related filings, but it could not permit him "to continue to pursue inarguable claims." (D. Ct. Op. at 5 n.1) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)).

2

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary, Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we construe Browning's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

As noted, Browning seeks to vacate his state-court conviction. However, any request that a federal court overturn a state-court conviction must be brought in a habeas corpus petition, not a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); cf. Bronowicz v. Allegheny Cnty., 804 F.3d 338, 345 n.12 (3d Cir. 2015) (noting that plaintiff "who had no recourse under the habeas statute was nevertheless subject to Heck's favorable termination rule").

Further, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Browning's assertion that Judge Young denied his request for declaratory relief falls short of showing that the exception to the general bar on injunctive relief applies. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Finally, Brown's assertion that Judge Young was not acting in his judicial capacity when he allegedly ignored proof of Brown's innocence is not enough to circumvent judicial immunity.

Accordingly, the complaint was properly dismissed, and we will affirm.