**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2562
_____

ROBERT BROWNING,
                                                            Appellant

v.

JOHN YOUNG, Judge

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:22-cv-06883)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2024
Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed February 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Robert Browning, proceeding pro se, appeals the dismissal of his civil action against New Jersey Superior Court Judge John Young.  For the reasons that follow, we will affirm the judgment of the District Court.

In 2011, Browning bit off the tip of his neighbor's nose during an altercation.  He subsequently pleaded guilty to aggravated assault in the third degree and was sentenced to three years of probation.  The neighbor later brought a successful civil suit against Browning for damages.  Despite being found liable for damages, Browning asserted that "[e]vidence of [his] innocence was found during the civil matter."  3d Cir. ECF No. 8 at 3.  In 2016, Browning filed a post-conviction relief ("PCR") petition in the New Jersey Superior Court, seeking to withdraw his guilty plea and proceed to trial.  Judge Young denied the petition, and the denial was affirmed on direct appeal.

After failing to successfully challenge his conviction in state court, Browning turned to the federal courts, filing three previous civil actions, including one prior action against Judge Young.[1]  As with those prior actions, in this fourth attempt Browning again seeks to have his guilty plea vacated and a trial held.  He asserts that Judge Young denied him his "right to trial without addressing the evidence [he] put before him."  D.Ct. ECF No. 1 at 4.

---

[1] See Browning v. Supreme Court of NJ Stuart Rabner, Civ. No. 19-12212 (D.N.J. May 6, 2019); Browning v. Grant, Civ. No. 20-01587 (D.N.J. Feb. 13, 2020), aff'd 828 F. App'x 822 (3d Cir. 2020) (per curiam); Browning v. Young, Civ. No. 21-14578 (Dec. 15, 2021), aff'd C.A. No. 21-3341, 2022 WL 866287 (3d Cir. Mar. 23, 2022) (per curiam).

Judge Young moved to dismiss Browning's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Concluding that Browning's claim for injunctive relief was barred by judicial immunity, the District Court granted the motion and dismissed the complaint with prejudice. Browning filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise de novo review over the District Court's grant of a motion to dismiss. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As stated above, Browning again seeks to vacate his state-court conviction. However, as this Court has twice previously noted, any request that a federal court overturn Browning's state-court conviction must be brought in a habeas corpus petition, not a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); cf. Bronowicz v. Allegheny Cnty., 804 F.3d 338, 345 n.12 (3d Cir. 2015) (noting that plaintiff "who had no recourse under the habeas statute was nevertheless subject to Heck's favorable termination rule"); see also Browning v. Grant, 828 F. App'x at 823; Browning v. Young, 2022 WL 866287 at *1.

Further, as the District Court properly concluded, Browning's action is barred by judicial immunity. In an "action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As the District Court noted, Browning did not allege that a declaratory decree was

violated or that declaratory relief was unavailable.[2]  Finally, the fact that Browning sued Judge Young in his individual capacity is not enough to circumvent judicial immunity as the relief sought "does not address the actions of Judge Young other than those taken in his judicial capacity."  D.Ct. ECF No. 15 at 2.

Accordingly, the complaint was properly dismissed, and we will affirm the judgment of the District Court.[3]

---

[2] Browning raises such an assertion for the first time on appeal, alleging that he sued the State of New Jersey for a declaration of his right to a trial in his criminal case, and that "[a]n order was issued by the Superior Court of New Jersey denying me a declaration." 3d Cir. ECF No. 8 at 3.  However, as this Court previously noted in affirming the dismissal of his prior action against Judge Young, the assertion that his request for declaratory relief failed "falls short of showing that the exception to the general bar on injunctive relief applies."  Browning v. Young, 2022 WL 866287 at *1 (citing Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam)).

[3] Appellee's motion for leave to file a supplemental appendix is granted.