CLD-058 and CLD-059                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-2207 & 15-2208
_____

UNITED STATES OF AMERICA

v.

RICHARD KAPLAN,

                                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. Nos. 1:07-cr-00329-001 & 1:08-00581-001)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2015

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard Kaplan appeals pro se from several orders denying his post-conviction motions that he filed in two of his closed criminal cases. Because his appeals present no substantial question, we will summarily affirm the District Court's orders. We decline to review Kaplan's attempted appeal from the U.S. Department of Justice's ("DOJ") response to his FOIA request.

I.

Kaplan is a federal prisoner who, in 2007, pleaded guilty to and was sentenced for receiving corrupt payments in violation of 18 U.S.C. § 666(a)(1)(B) and (a)(2). He did not file a direct appeal. Then, in 2008, Kaplan pleaded guilty to and was sentenced for using an interstate facility and the mail in attempting to commit murder for hire in violation of 18 U.S.C. § 1958(a). This Court dismissed Kaplan's appeal by granting the Government's request to enforce an appeal waiver contained in his plea agreement. See C.A. No. 10-1964. In 2013, Kaplan filed 28 U.S.C. § 2255 motions in both of his criminal cases. The District Court dismissed the motions as untimely, and we denied certificates of appealability in both cases. See C.A. Nos. 15-1958 & 13-4657.

Then, in 2014 and 2015, Kaplan filed several nearly identical motions in his closed criminal cases based on his allegations of conspiracies that occurred during and after his convictions. In the case involving his 2007 conviction, Kaplan moved for: (a) production of transcripts so he could litigate his § 2255 motion (ECF No. 28); (b)

judgment of acquittal (ECF No. 29); (c) a criminal complaint to be filed against all of the alleged conspirators (ECF No. 31), (d) an evidentiary hearing and transport to the hearing (ECF No. 32); (e) a motion to recuse the District Judge (ECF No. 33); and (f) oral argument on his motion to recuse (ECF No. 34).

Similarly, in the case involving his 2008 conviction, Kaplan filed motions: (a) for production of transcripts so he could litigate his § 2255 motion (ECF No. 55); (b) to amend an exhibit to his § 2255 motion and for judgment of acquittal (ECF No. 56); (c) for a criminal complaint to be filed against all of the alleged conspirators (ECF No. 57), (d) for an evidentiary hearing and transport to the hearing (ECF No. 58); (e) to recuse the District Judge (ECF No. 59); and (f) for transport and oral argument on his motion to recuse (ECF No. 60).

The District Court denied all of Kaplan's motions in both of his cases on April 21, 2015. (ECF Nos. 36-39; ECF Nos. 61-64.) First, it denied as moot his motions for transcripts for litigating his § 2255 motions, explaining that his petitions had already been dismissed with prejudice. Second, the District Court denied Kaplan's motions for an order for the prosecutor's office to file a criminal complaint against those government officials and agencies who allegedly conspired against him, and an evidentiary hearing for him to prove the civil conspiracy against him. The District Court explained that the allegations seemed to refer to one Kaplan's civil suits, which had already been dismissed

for failure to state a claim for relief. Third, the District Court denied the motions to recuse, noting that there was no open case from which it might recuse. In denying these motions, the District Court also stated that Kaplan's allegations of a conspiracy were implausible.

Additionally, in the case concerning Kaplan's 2007 conviction, the District Court denied his motion for judgment of acquittal that was based on his allegations that the prosecutor committed unspecified Brady violations and was involved in a conspiracy, and that his guilty plea was involuntary. The District Court denied the motion because all of Kaplan's assertions had already been raised and rejected in several of his other cases. And finally, in the case concerning Kaplan's 2008 conviction, the District Court denied as futile his motion to amend his § 2255 motion to add an exhibit, which included a motion for acquittal. The District Court explained that Kaplan's § 2255 motions had been dismissed as time-barred and that nothing in the exhibit would affect the timeliness of the motions.

Kaplan timely appealed, and his notices of appeal also attempt to directly appeal from a response of the DOJ to his FOIA request for documents.

## II.

We have carefully reviewed Kaplan's filings, as did the District Court. We see no reason for the District Court to have granted Kaplan any relief, and thus no basis to

4

disturb the orders from which he appeals. Accordingly, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Additionally, to the extent that Kaplan's motions for an acquittal and for the prosecutor to file a criminal complaint might be characterized as § 2255 motions, the District Court's dismissal of his previous § 2255 motions and our disposition of his appeals therefrom precluded the District Court from considering such motions. See 28 U.S.C. §§ 2244(b)(3), 2255(h). Thus, the District Court would have been obligated to dismiss the motions or transfer them to this Court to be treated as § 2244 applications for leave to file additional § 2255 motions. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). We see no need to remand for such treatment because the District Court's disposition of those motions effectively prevented Kaplan from circumventing the gate-keeping requirements. Further, to the extent that a certificate of appealability might be required for him to appeal from those rulings, we deny one because there was no basis for the District Court to have granted § 2255 relief.

Finally, as to Kaplan's request that we review the DOJ's response to his FOIA request, as a general rule we do not consider claims raised for the first time on appeal. Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 646-47 (3d Cir. 1998). Kaplan has provided no reason to depart from this general policy, and we see no reason to do so. Accordingly, we decline to review this aspect of Kaplan's appeal.

We will thus summarily affirm the District Court's orders. Kaplan's motions that are pending before this Court are denied.