CLD-294                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1204
_____

RICHARD P. KAPLAN,
                                             Appellant

v.

JUDGE THOMAS MILLER; FREDERICK W. KLEPP; MARGHERITA A. PITALE;
SCOTT A. RESNIK, Attorney; LISA M. VIGNUOLO, Attorney; STEVEN D.
ALTMAN, Attorney; ANTHONY B. VIGNUOLO, Attorney; JILL ANN LAZARE,
Attorney; TIMOTHY J. DEY, Attorney; LISA M. MACK, Attorney, sued in their
individual and official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-14-cv-07307)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2016
Before: FISHER, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 29, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Richard P. Kaplan ("Kaplan") appeals from the judgment of the United States District Court for the District of New Jersey. As the appeal lacks an arguable basis in law, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

Kaplan is a federal prisoner housed at FCI-Otisville. He filed a complaint in the District Court against defendants New Jersey Superior Court Judge Thomas C. Miller, who adjudicated Kaplan's Middlesex County divorce case; five criminal defense attorneys who represented Kaplan during his two federal criminal cases, including Timothy J. Dey, who also represented Kaplan during the divorce case; Kaplan's ex-wife, Margherita A. Pitale; and Pitale's three divorce attorneys. Essentially, Kaplan alleged that the defendants engaged in a civil conspiracy arising out of his criminal cases. He raised claims under 42 U.S.C. §§ 1983 and 1985; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.; and the New Jersey State Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1, et seq. He sought compensatory and punitive damages against all defendants and appointment of counsel. He later sought an injunction.

The District Court dismissed Kaplan's complaint under 28 U.S.C. § 1915(e)(2)(b)(ii)-(iii) for failure to state a claim and for seeking relief from immune defendants. It dismissed his claims against Judge Miller because he is entitled to "complete judicial immunity," and his claims against his former attorneys, Pitale, and Pitale's attorneys

2

because they are not state actors subject to liability under § 1983.[1]  The District Court

dismissed his FTCA claim because Kaplan did not name the United States as a party, nor

could his complaint be construed to make such a claim.  The District Court also

concluded that the complaint was barred by Heck v. Humphrey, 512 U.S. 477 (1994), as

Kaplan was alleging defects in his criminal proceedings, but those convictions had not

been overturned on appeal.  Finally, the District Court declined to exercise supplemental

jurisdiction over his NJTCA claims.  The District Court denied his motions for an

injunction and for appointment of counsel as moot, and it denied him leave to amend as

futile.  Kaplan now appeals.

## II.

Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)

(2)(B)(ii) is plenary.[2]  See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per

curiam).  When reviewing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), a court uses

the standard provided for in Fed. R. Civ. P. 12(b)(6).  Where a complaint has not alleged

sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is

---

[1] The District Court indicated that, were liability a possibility at all, Kaplan's defense
attorneys would be liable under Bivens v. Six Unknown Named Agents of the Federal
Bureau of Narcotics, 403 U.S. 388 (1971), as his attorneys (one of whom is an Assistant
Federal Defender) represented him in federal court.  Because Bivens actions "are simply
the federal counterpart to § 1983 claims brought against state officials," much of the
analysis is the same.  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).  Like the
District Court, and for ease of reference, we refer in the text to this action as a § 1983
one.
[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have

appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Section 1915(e)(2)(B)(i) requires dismissal when an appeal lacks an arguable basis in law or fact. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). An appeal that is based on "an indisputably meritless legal theory" is appropriate for dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). See Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

Kaplan's claims against Judge Miller are indisputably meritless, as "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000). Judges are not immune, however, for any actions taken in a non-judicial capacity, or "in the complete absence of all jurisdiction." Id. at 768-69. To the extent that Kaplan even alleged facts against Judge Miller, those facts indicated that Judge Miller was acting in his judicial capacity.[3] Accordingly, Kaplan's claims could not proceed against Judge Miller.

Next, Kaplan's claims against his former defense attorneys, Pitale, and Pitale's divorce attorneys are meritless. First, to bring a conspiracy claim against these parties, Kaplan must have shown that they acted under color of state law. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). As the District Court correctly noted, Kaplan did not plausibly

---

jurisdiction pursuant to 28 U.S.C. § 1291.

[3] "Judge Miller has certainly shown his bias when he consistently Denies all my Motions, which state the truth to all my allegations pertaining to all defendants." Complaint

allege facts suggesting that any of these defendants are state actors. Kaplan did not plausibly allege that Pitale or her privately retained attorneys were acting under color of state law, just that Pitale divorced him and that her attorneys represented her. His allegations regarding his former attorneys were similarly deficient.[4] He stated that: his first attorney "kept, me in the dark. . . . before [he] told me to accept a fictitious plea agreement; his second attorney "never objected to the false complaint when I was in front of the Magistrate judge"; his third attorney "failed to live up to his side of truthfulness and conduct"; his fourth attorney "refused to investigate or mount a liable defense"; and that Dey did not investigate discovery materials, "failed to take the Bull by the Horns and stand up to the threatening and malicious actions by the U.S. Attys Office," and failed to present documents in the divorce case that would show that Pitale was committing fraud. Compl. at 3. At best, these allegations suggest that Kaplan may have potential habeas claims, which brings us to another reason Kaplan's claims against his former attorneys are meritless: these claims are barred by Heck, 512 U.S. at 477, to the extent they necessarily implicate the validity of Kaplan's convictions.[5] In Heck, the Supreme Court unequivocally held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would

---

("Compl.") at 4.

[4] The District Court correctly noted that Kaplan failed to sufficiently allege a conspiracy by the defendants to violate his equal protection rights, as required by 42 U.S.C. § 1985. See Startzell v. City of Philadelphia, Penn., 533 F.3d 183, 205 (3d Cir. 2008).

[5] Heck's holding has been applied to bar Bivens claims. See Lora-Pena v. FBI, 529 F.3d

render a conviction or sentence invalid," a plaintiff bringing a § 1983 action must prove that his conviction or sentence has been reversed on appeal, expunged, or called into question. 512 U.S. at 486-87. Kaplan did not make any such allegation, and additionally, appears to have unsuccessfully raised at least some of these claims in motions to vacate under 28 U.S.C. § 2255. See United States v. Kaplan, 629 F. App'x 180, 181-82 (3d Cir. 2015). Letting Kaplan's claims go forward would violate the Heck rule. See Bronowicz v. Allegheny Cty., 804 F.3d 338, 344-45 (3d Cir. 2015).

Additionally, Kaplan's FTCA claim is similarly meritless. The District Court correctly noted that to make out a claim under the FTCA, he must have named the United States as a defendant or alleged facts sufficient to construe his complaint as being against it, and failed to do so. See CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008).

Given the foregoing, the District Court did not err in declining to exercise supplemental jurisdiction, and correctly denied Kaplan's motions for injunctive relief and appointment of counsel. See Maher Terminals, LLC v. Port Authority of N.Y. and N.J., 805 F.3d 98, 104 (3d Cir. 2015). Additionally, we perceive no error in the District Court's decision to deny Kaplan leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Because Kaplan has no arguable legal basis on which to appeal the District Court's order, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

503, 506 n.2 (3d Cir. 2008) (per curiam).