**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2492
_____

ERWIN LEJON-TWIN EL,
                    Appellant

v.

JOE MARINO, Director, Human Resources;
IMPAX LABORATORIES, f/k/a Corepharma LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-16-cv-02292)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2018
Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: January 8, 2018)
_____

OPINION*
_____

PER CURIAM

        Plaintiff-appellant Erwin LeJon-Twin El, proceeding pro se, appeals the District

Court's denial of his motion to amend his complaint and numerous post-judgment

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motions. El contends that his former employer, Impax Laboratories, Inc., and its Director of Human Resources, Joseph Marino, violated federal and state law when they refused to issue his paychecks under the name that he currently uses rather than the name he used when he was hired.[1]

The District Court dismissed El's initial complaint without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), on defendants' motion. El then sought leave to amend his complaint, which the District Court denied. It dismissed his case with prejudice by order entered on May 1, 2017, holding that the amendment would be futile where El's allegations would still not survive a motion to dismiss under Rule 12(b)(6).

El subsequently filed a motion to reassign the case to another judge. The District Court construed his request as a motion under Federal Rule of Civil Procedure 60(b) and denied it by order entered on June 8, 2017. El then filed a series of motions essentially seeking reconsideration of the District Court's prior decisions and a stay of the case pending appeal. The District Court denied these motions on August 7, 2017. El timely appealed the District Court's decisions dismissing his case with prejudice and denying his post-judgment motions.[2]

---

[1] El was hired under the name Erwin Hilton; he currently uses the name Erwin LeJon-Twin El. See, e.g., Appellant's Br. at 12, 15.

[2] El's two notices of appeal only address the District Court's post-judgment decisions. However, his appellate brief suggests that he also seeks review of the District Court's underlying denial of his motion for leave to amend his complaint and subsequent

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "[W]e review the District Court's denial of [a motion for] leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." See U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

We review the District Court's post-judgment decisions for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (motions for reconsideration under Rule 59(e)); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (motions for reconsideration under Rule 60(b)(1)-(3), (5)-(6)); Imprisoned Citizens Union v. Ridge, 169 F.3d 178, 189 (3d Cir. 1999) (motions to stay). "A district court abuses its

_____

dismissal of his case with prejudice. See Appellant's Br. at 18-19. El filed his initial Rule 60(b) motion on May 11, 2017, within 28 days of the District Court's May 1, 2017 dismissal, which tolled his time to appeal the underlying judgment. See Fed. R. App. P. 4(a)(4)(A)(vi). His subsequent notice of appeal, filed within 30 days of the District Court's denial of his Rule 60(b) motion, was thus timely for both the dismissal of his case and the denial of his Rule 60(b) motion. See id.; Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 6(a)(1)(C). Although Federal Rule of Appellate Procedure 3(c)(1)(B) requires parties to specify the judgments that they wish to appeal, we have a heightened duty to construe notices of appeal by pro se litigants liberally. See Gov't of Virgin Islands v. Mills, 634 F.3d 746, 751 (3d Cir. 2011). Thus, we will address the District Court's decision to deny El's motion to amend his complaint as well as its post-judgment decisions.

In his appellate brief, El states that he also seeks reversal of the District Court's February 14, 2017 decision to dismiss his complaint without prejudice. The District Court granted him leave to amend his complaint, and he chose not to pursue several claims in his amended complaint. Thus, to the extent that El challenges the dismissal of claims that appeared only in his initial complaint, he has failed to raise them with the District Court and thus has waived those issues on appeal. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007) (explaining that a plaintiff "can hardly fault the [District] Court for not granting relief it never requested" and that if the plaintiff "had knowledge of facts that would cure the defects in its complaint, it should have asserted them before now").

3

discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014). For the reasons that follow, we will affirm the District Court's decisions.

A.     Motion for Leave to Amend

The District Court correctly determined that granting El leave to amend his complaint would be futile because his proposed amended complaint would not survive dismissal. In his proposed complaint, El claimed that defendants' decision to issue his paychecks in the name that was on record with the Social Security Administration and the Internal Revenue Service violated his rights under a number of statutes and the Constitution. This complaint was El's second attempt to state a claim that would survive dismissal.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). Id. In evaluating whether a plaintiff has stated a claim upon which relief could be granted, "we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Bronowicz v. Allegheny

4

Cty., 804 F.3d 338, 344 (3d Cir. 2015) (internal quotation mark omitted).

El's amended complaint primarily relies on statutes which regulate government actors. First, the Privacy Act of 1974 and its implementing regulations at 49 C.F.R. § 802.7(d) and (e) relate to how federal agencies collect, use, and disseminate private information about individuals. See 5 U.S.C. § 552a. The Religious Land Use and Institutionalized Persons Act also regulates activities by the government, not private actors. See 42 U.S.C. §§ 2000cc, 2000cc-1. The activities of the Government Accountability Office are regulated by 4 C.F.R. §§ 83.9 and 83.10. The Secretary of the Treasury is authorized to collect taxes pursuant to 26 U.S.C. § 6301. The statute that would permit El to bring a Fourth Amendment claim for civil damages, 42 U.S.C. § 1983, would only apply if defendants were state actors. See U.S. Const. amend. IV; Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169 (3d Cir. 2004).

A number of other statutes upon which El relies in his complaint are plainly inapplicable to his claims: 18 U.S.C. §§ 241, 242, and 1001 are criminal statutes which cannot form the basis of El's civil lawsuit; 1 U.S.C. § 8 is a rule of construction that includes a "born-alive infant" within the meaning of the words "person," "human being," "child," and "individual" with respect to Congressional Acts or rules and regulations enacted by administrative agencies; and 28 C.F.R. § 25.7 is one of a series of regulations implementing the National Instant Criminal Background Check System under the Brady Handgun Violence Prevention Act, see 28 C.F.R. § 25.1. The Patient Protection and Affordable Care Act includes a provision that prohibits retaliation against whistleblowers

who disclose violations of the Act under certain circumstances.  See 15 U.S.C. § 2087. El has not alleged that his employer retaliated against him for taking any such actions, and regardless, his remedy under that statute would first require him to file an administrative complaint with the Secretary of Labor.  See id. § 2087(b)(1).

El also relies on defendant Impax's employee code of conduct, which does not create a federal right of action against his private employer.  Neither does a 1787 treaty between the United States and Morocco.

Finally, El claims that defendants violated N.J. Admin. Code. 12:55-2.4, a state regulation governing the time and mode of wage payments following the termination or voluntary departure of an employee.  The District Court declined to assert supplemental jurisdiction over this purely state law claim where El could not state any federal claims. See 28 U.S.C. § 1367(c)(3).

El challenges the District Court's conclusion that defendants are "non-State actors" but does not explain why a private company or its director of human resources would be a government entity or official, respectively.  See Appellant's Br. at 11. Defendants are not government actors.  The remaining statutes upon which El relies are either entirely inapplicable to his claims or fail to provide a federal right of action for him to pursue.  The District Court properly declined to exercise supplemental jurisdiction over El's remaining state law claim as he could not state a federal claim over which the

6

District Court would have had original jurisdiction.[3]  Thus, the District Court did not abuse its discretion in denying El's motion for leave to amend.  Such an amendment would have been futile where El's proposed complaint would not survive a Rule 12(b)(6) motion.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

B.      Post-Judgment Motions

After the District Court denied El's motion for leave to amend his complaint and dismissed his case, El filed a motion in which he requested "Judicial Disqualification and Assignment to Another Judge."  See J.A. at 139.  The District Court explained that because judgment had already been entered in El's case, there were no pending matters from which he could be disqualified and nothing left to reassign to another judge. However, the District Court treated El's motion as a motion for reconsideration because he sought to reopen his case.  El also cited Federal Rule of Civil Procedure 60(b) at the end of his motion.

El's only argument in support of reopening his case was that the District Court judge was biased against him, based on a number of answers that the judge provided in his 2011 questionnaire to the Senate Committee on the Judiciary before his nomination

---

[3]  El maintains that because he was granted permission to proceed in forma pauperis, his case should not have been dismissed.  See Appellant's Br. at 17-18.  On the contrary, a district court is required to independently screen and dismiss a case where a party proceeding in forma pauperis fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Additionally, El contends that he "do[es] not consent . . . to be explicitly bound by the standards set out in [Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)]."  See Appellant's Br. at 16.  As El has chosen to litigate his claims in federal court, this position is meritless.

7

was confirmed. For substantially the reasons that the District Court stated in analyzing El's motion, we agree that El's allegation of bias is baseless. See J.A. at 19-22. Rather, El merely seems to disagree with the District Court's prior ruling dismissing his case, which does not show the District Court judge's bias or support reconsideration of the dismissal. See In re Imperial "400" Nat., Inc., 391 F.2d 163, 172 (3d Cir. 1968) ("[A] motion under Rule 60(b) may not be used as a substitute for appeal."). Thus, we find no abuse of discretion in the District Court's denial of El's motion for reconsideration.

The District Court also did not abuse its discretion in denying El's subsequent motions for a stay and for reconsideration.[4] First, before granting the extraordinary remedy of a stay pending appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

See Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir.

---

[4] El asks us to correct a repeated typographical error in Impax's former business name in the captions of several of the District Court's decisions. See Appellant's Br. at 18. However, El has not explained how a typographical error in the captions affected the District Court's decisions, or argued that the current defendants are not the parties against whom he wishes to pursue his claims. Because defendants have been properly identified in the District Court docket and on appeal, and there is no dispute as to the identities of the parties, there is no need to remand the case to the District Court to correct any such error. See In re U.S. Healthcare, Inc., 193 F.3d 151, 158 n.2 (3d Cir. 1999). Additionally, El argues that the District Court erroneously identified his surname as "LeJon-Twin El" rather than "El." See Appellant's Amended Notice of Appeal at 6-9. El does not point us to these supposed errors, and upon review of the record, we have been unable to locate any.

8

1991).  As the District Court observed, "it is difficult to imagine what meaningful relief a stay could [have] afford[ed]" El, as its prior orders did not "call upon anyone to do anything."  See J.A. at 148.  El could not establish either a likelihood of success on the merits or any irreparable injury, given his inability to state a federal claim and his failure to explain why he would suffer any harm by the denial of a stay.  On appeal, he has not clarified why he sought a stay of the District Court's orders.  We thus agree with the District Court that El failed to demonstrate that he was entitled to a stay.

The District Court also properly denied El's motion seeking "substantive relief" pursuant to Federal Rule of Appellate Procedure 27(a)(2)(B)(iii), which is inapplicable to proceedings in district courts and in any event only describes the documents which must be attached to any appellate "motion seeking substantive relief."

Finally, the District Court did not abuse its discretion in denying El's motions for reconsideration under Federal Rule of Civil Procedure 59(e) and 60(b).[5]  As the District Court explained, El's motions attempted to relitigate the substance of his dismissed claims; he did not seek relief based on some extraordinary circumstance.  "[M]otions [for reconsideration] are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence.  Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  Therefore, we will affirm

---

[5]  El titled his Rule 59(e) motion as seeking a "new trial" under Rule 59(b).  See J.A. at 152.  However, El's case never reached trial; thus, the District Court generously construed his filing as a motion for reconsideration under Rule 59(e).

9

the District Court's orders dismissing El's case and denying his post-judgment motions.