**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1123
_____

JEFFREY E. HERRERA,
Appellant

v.

AGENTS OF PENNSYLVANIA BOARD OF PROBATION
AND PAROLE; PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; CURT M. PARKINS, Attorneys of
Lackawanna County Public Defenders; DOUG VANSTON,
Lackawanna Public Defender; KURT LYONS, Court
Appointed Attorney; SHANE SCANLON, District Attorney;
OTHER YET DEFENDANTS TO BE NAMED; MICHAEL
BARRASSE, Judge
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:22-cv-01530)
U.S. District Judge: Honorable Malachy E. Mannion
_____

Argued
January 29, 2025
_____

Before: SHWARTZ, KRAUSE, and PORTER, <u>Circuit Judges</u>.

(Filed: March 14, 2025)
_____

Alexandra Bursak
Christopher Cariello
Joseph R. Kolker [ARGUED]
Orrick Herrington & Sutcliffe
51 W 52nd Street
New York, NY 10019
  <u>Counsel for Appellant</u>

Kathleen A. Wilde LaBay [ARGUED]
Office of Attorney General of Pennsylvania
Strawberry Square 15th Floor
Harrisburg, PA 17120
  <u>Counsel for Amicus Commonwealth of Pennsylvania</u>[1]

_____

OPINION
_____

SHWARTZ, <u>Circuit Judge</u>.

Jeffrey Herrera appeals the District Court's order dismissing his pro se complaint that alleged he was detained

---

[1] The Court thanks pro bono and amicus counsel for their service in this appeal.

for several months after his maximum release date in violation of the Eighth Amendment. The District Court dismissed the complaint based on Heck v. Humphrey, 512 U.S. 477 (1994). Because Heck does not apply to a plaintiff's overdetention claim that, if successful, would not imply that his conviction or sentence were invalid, and Herrera pleads such a claim, we will vacate the order dismissing the complaint and remand for further proceedings.

I[2]

Herrera alleges that Defendants Agents of the Pennsylvania Board of Probation and Parole (the "Board") and

---

[2] Because we are reviewing an order dismissing the complaint under 28 U.S.C. § 1915, we accept all factual allegations as true, construe them in a light most favorable to the plaintiff, and may consider documents attached to the complaint. Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (considering documents attached to the complaint in evaluating a motion to dismiss); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to an order dismissing a complaint under § 1915). In addition, we may consider documents "whose contents are alleged in the complaint and whose authenticity no party questions," as well as judicially noticeable documents. Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A), 768 F.3d 284, 290 (3d Cir. 2014); see also Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (noting that a court may take judicial notice of matters of public record).

Pennsylvania Department of Corrections ("DOC")[3] detained him for approximately seven months beyond his maximum prison term. To understand this assertion, we consider both the sentence imposed and his release date. In September 2012, Herrera was arrested for a state crime and in March 2013, was sentenced to a period of 36 to 72 months' imprisonment. He was released on parole in December 2014 and thereafter violated his parole. Following a post-conviction petition, the state court entered an order in January 2017 that vacated his original sentence, imposed a reduced sentence of 30 to 66 months, and had provisions concerning credit for time he had served. Because the January 2017 order failed to account for an approximately eleven-month period while he was free on parole, the state court issued an order in February 2017 that amended the January 2017 order to reflect credit for time he served. Specifically, it provided him with 27 months' credit for time he had served before he was released on parole and almost 15 months' credit for the time he had served for the parole violation as of the date of the February 2017 order. He served approximately 31 additional months from the date of the February 2017 order through his release in October 2019, resulting in him serving a total of 73 months' imprisonment for the state offense.

Herrera asserts that his release date should have been in March 2019. He asserts that (1) in February 2018, he learned that his release date was extended by eleven months, from

_____

[3] Herrera represents that certain defendants listed in the caption belong not in this case but in the caption of a separate action he brought under 42 U.S.C. § 1983. On remand, the District Court shall take any action it deems appropriate to address this alleged error.

4

March 2019 to February 2020, (2) he filed grievances and requests for information with the Board and DOC, and each pointed to the other to provide an explanation, and (3) he was released in October 2019 without any explanation.

Herrera submitted a pro se complaint and an in forma pauperis application under 28 U.S.C. § 1915. He did not challenge his conviction or sentence, but instead claimed that his overdetention amounted to cruel and unusual punishment in violation of the Eighth Amendment and sought relief under 42 U.S.C. § 1983.

The District Court construed Herrera's complaint as challenging the length of his sentence and dismissed it for failure to state a claim under 28 U.S.C. § 1915(e). Herrera v. Pa. Bd. of Prob. & Parole, No. 22-cv-1530, 2022 WL 16836615 (M.D. Pa. Nov. 9, 2022). It reasoned that (1) such a claim must be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2254, id. at *1; and (2) Herrera's claim for damages was barred by Heck because it attacked the duration of his sentence and thus sought to undermine his conviction without showing that his conviction was unlawful, id. at *2. The Court further found that any attempt to amend his complaint would be futile. Id. at *2 n.1.

Herrera sought reconsideration, which the District Court denied. Herrara, No. 22-cv-1530, 2022 WL 17640205, at *1 (M.D. Pa. Dec. 13, 2022).[4] The District Court acknowledged that Herrera challenged his overdetention, rather than his conviction or sentence, but held that his claim

---

[4] The captions of the District Court's reconsideration and Rule 60 opinions misspelled Herrera's name as "Herrara."

5

for damages was nevertheless barred by (1) <u>Heck</u> because it called into question the validity of the confinement, and (2) the statute of limitations.  <u>Id.</u> at *3-5.  Herrera moved for relief from judgment under Federal Rule of Civil Procedure 60, which the District Court denied for the same reasons.  <u>Herrara</u>, No. 22-cv-1530, 2023 WL 173138, at *2 (M.D. Pa. Jan. 12, 2023).

Herrera appeals.

II[5]

<hr/>

[5] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a district court's order dismissing a complaint under 28 U.S.C. § 1915(e)(2).  <u>See</u> <u>Dooley v. Wetzel</u>, 957 F.3d 366, 373 (3d Cir. 2020).  The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher</u>, 184 F.3d at 240, and so we review "the pleaded factual content" to determine if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," <u>Thompson v. Real Est. Mortg. Network</u>, 748 F.3d 142, 147 (3d Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).  We review pro se pleadings liberally.  <u>See</u> <u>Dooley</u>, 957 F.3d at 374.

Generally, we review a district court's orders denying motions for reconsideration and for relief under Rule 60(b) for abuse of discretion, but we review legal determinations de novo and factual determinations for clear error.  <u>Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.</u>, 602 F.3d 237, 246 (3d Cir. 2010) (reconsideration); <u>Giordano v. McCartney</u>, 385 F.2d 154, 155 (3d Cir. 1967) (Rule 60).

6

A

1

Because Herrera alleges that he was detained for seven months past his maximum release date, we construe his claim as one of overdetention. Detention beyond an inmate's maximum term of imprisonment may constitute cruel and unusual punishment under the Eighth Amendment and give rise to a claim under 42 U.S.C. § 1983. See, e.g., Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989).

2

Before we examine whether Herrera has stated an overdetention claim, we must first assess whether Heck bars the type of claim he seeks to lodge. The Supreme Court has explained that there are "two main avenues" for relief related to imprisonment under federal law: a petition for habeas corpus under 28 U.S.C. § 2254 and a complaint under 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Habeas corpus allows an individual to challenge the "validity of any confinement" or "particulars affecting its duration," while § 1983 allows a plaintiff to seek damages related to his "circumstances of confinement." Id. Some cases present "hybrids" of these two avenues of relief, such as when prisoners seek damages for allegations that "imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." Id.

The Supreme Court has explained that "Heck uses the word 'sentence' to refer . . . to substantive determinations as to

the length of confinement." Wilkinson v. Dotson, 544 U.S. 74, 83 (2005); see also Muhammad, 540 U.S. at 752 n.1 ("[T]he incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction."). Thus, "a case challenging a sentence" is Heck-barred because "[i]t seeks invalidation . . . of the judgment authorizing the prisoner's confinement." Wilkinson, 544 U.S. at 83. Heck's bar, however, is not limited to claims that would invalidate the initial court-imposed sentence, but rather it "extends to claims that a plaintiff's good-time credit, parole, or supervised release was improperly revoked," as such challenges call into question substantive judgments by entities empowered to make decisions regarding the fact or duration of confinement. Courtney v. Butler, 66 F.4th 1043, 1050 (7th Cir. 2023); see Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (applying Heck when litigants sought damages for alleged deficiencies in proceedings that resulted in the loss of good time credits); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (applying Heck when "success on the § 1983 claim would necessarily demonstrate the invalidity of the Parole Board's decision" to revoke parole).

Therefore, Heck bars § 1983 actions "where success in [the] § 1983 action would implicitly call into question the validity of conviction or duration of sentence." Williams, 453 F.3d at 177. In such a case, "the plaintiff must first achieve favorable termination of his available state or federal habeas remedies" before he can seek damages that he contends arise from his "underlying conviction or sentence."[6] Id. Favorable

---

[6] To establish favorable termination, a "plaintiff must prove that the conviction or sentence has been reversed . . . ,

termination is not an exhaustion requirement, but rather "a necessary element of the claim for relief under § 1983." Garrett v. Murphy, 17 F.4th 419, 429 (3d Cir. 2021). The purpose of this favorable termination requirement is to avoid a situation where a plaintiff's successful challenge to events connected with his conviction or sentence in a § 1983 action could result in "two conflicting resolutions." Heck, 512 U.S. at 484.

Thus, to avoid Heck's favorable termination requirement, a plaintiff "must demonstrate that success on his § 1983 claims would not conflict with the prior judicial resolution of his criminal proceedings." Bronowicz v. Allegheny Cnty., 804 F.3d 338, 345 (3d Cir. 2015); see also Muhammad, 540 U.S. at 751 (observing Heck's bar "is not[] [] implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence"). As a result, to determine whether Heck applies, a court must look at the plaintiff's § 1983 claims, assume the plaintiff successfully proves those claims, and evaluate if such a resolution would undermine the legal validity of his conviction or sentence. See Wilkinson, 544 U.S. at 82. If the court concludes that a judgment in the plaintiff's favor on such a claim would undermine the conviction or sentence, then Heck's favorable termination requirement would apply. If a judgment in the plaintiff's favor would not undermine his conviction or sentence, then Heck's favorable termination requirement would not apply.

---

expunged . . . , declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

Under this framework, Heck's favorable termination requirement does not apply to a plaintiff who claims only that he was detained beyond the maximum period of the sentence imposed when such a claim does not imply that his conviction or sentence are legally invalid. Following this same reasoning, several Courts of Appeals have determined Heck does not bar certain overdetention claims. The Court of Appeals for the Fifth Circuit determined Heck was inapplicable to a series of § 1983 claims alleging that ministerial errors caused inmates to serve more time than their maximum imposed sentences. See McNeal v. LeBlanc, 90 F.4th 425, 431 (5th Cir. 2024) (concluding that "Heck [wa]s no bar" where a plaintiff was detained past his release date based on prison officials' failure to send his release letter to the appropriate facility, and the plaintiff "d[id] not challenge his conviction or attendant sentence, but rather the 41 days he was imprisoned beyond his release date"), cert. denied, 145 S. Ct. 266 (2024); Hicks v. LeBlanc, 81 F.4th 497, 502, 507-08 (5th Cir. 2023) (holding that Heck did not apply to a plaintiff's claim that "he was detained longer than the proper sentence imposed," because such a plaintiff did not seek a judgment that would be "at odds with his conviction"); Crittindon v. LeBlanc, 37 F.4th 177, 190 (5th Cir. 2022) (holding that "[t]he Heck defense '[wa]s not . . . implicated by a prisoner's challenge'" to his overdetention due to "a systemic failure to calculate release dates" because such a challenge "threaten[ed] no consequence for his conviction or the duration of his sentence" (quoting Muhammad, 540 U.S. at 751)), cert. denied, 144 S. Ct. 90 (2023).

Likewise, the Court of Appeals for the Eleventh Circuit observed that Heck's favorable termination requirement did not bar a plaintiff's Federal Tort Claims Act complaint

10

asserting overdetention based on prison officials' "putting down the wrong date as the start date of his incarceration," because resolution in the plaintiff's favor would not "impl[y] the invalidity of his conviction or of the sentence imposed." See Morrow v. Fed. Bureau of Prisons, 610 F.3d 1271, 1272 (11th Cir. 2010). The Court of Appeals for the Seventh Circuit employed similar reasoning, concluding that Heck did not bar a plaintiff's claims that defendants' deliberate indifference "caused him to spend an extra year in prison rather than on mandatory supervised release" when the officials did not investigate the residential sites for his supervised release, despite prison directives requiring them to do so. See Courtney, 66 F.4th at 1051-53.

We agree with our sister circuits that Heck's favorable termination requirement does not apply to an overdetention claim that accepts the validity of the maximum sentence imposed but alleges that deliberate indifference delayed the execution of an inmate's release beyond that sentence.[7]

---

[7] Our opinions in Powell and Bronowicz are inapposite. Powell which did not involve a deliberate indifference claim, recognized the argument that Heck may bar a claim that a plaintiff was allegedly "supervised on parole seven months past his sentence date," but we did not decide the issue, observing that the plaintiff could proceed regardless because he had already challenged his sentence successfully. Powell v. Weiss, 757 F.3d 338, 346 (3d Cir. 2014). Put differently, we stated only that the plaintiff had demonstrated favorable termination—not that he must. See id. In Bronowicz, we cited Powell and, in a parenthetical, characterized it as holding that a "plaintiff's § 1983 claims stemming from his supervision on

11

Compare Bronowicz, 804 F.3d at 340-41, 345 (applying Heck when a plaintiff attacked the validity of procedures affecting the calculation of his sentence), with Hicks, 81 F.4th at 506-07 (holding that Heck was inapplicable when plaintiff challenged "the execution of his release" but success "would not invalidate the conviction or its attendant sentence" (emphasis omitted)). Instead of calling a substantive judgment into question, such a claim accepts the judgment and challenges some separate action or inaction that delays a prisoner's release. Such allegations "seek[] to vindicate," Courtney, 66 F.4th at 1051, rather than collaterally attack, a conviction or sentence, Heck, 512 U.S. at 485-87. Put differently, Heck does not apply when a prisoner alleges that he and the state agree on the appropriate maximum release date, yet he was held beyond that date.

Here, Herrera alleges that, under the sentence imposed, he should have been released no later than sometime in March 2019, but instead he was released in October 2019. He does not challenge a court order or substantive administrative proceeding, but rather alleges that a ministerial error caused him to remain in prison after the duration of his maximum

---

parole past his maximum sentence date must satisfy Heck's favorable termination rule." Bronowicz v. Allegheny Cnty., 804 F.3d 338, 345 (3d Cir. 2015). That dictum does not control here and Bronowicz did not decide whether Heck applied to claims of detention beyond one's maximum release date, holding only that it did apply to a "wrongful incarceration" claim challenging the validity of "sentencing and probation revocation proceedings" that allegedly "unlawfully impos[ed] . . . additional penalties." Id. at 340-41. In short, neither case involved the type of overdetention claim that Herrera brings, nor do they dictate the outcome here.

sentence.[8]  Reading the complaint in the light most favorable to Herrera, it appears that the Board agreed that Herrera's maximum prison sentence ended on March 4, 2019 and that he was not released until months later.  Based on these allegations, if he prevails, the resulting judgment will not undermine his conviction or the sentence imposed.  Rather, it would simply reflect that he was held in custody longer than the sentence contemplated.  As a result, the allegations and relief sought in Herrera's complaint do not implicate Heck's concerns and, thus, its favorable termination requirement does not apply.

3

Having concluded that Heck does not bar Herrera's claim as pleaded, we next consider whether he has plausibly pleaded an Eighth Amendment overdetention claim.  To plead an Eighth Amendment overdetention claim, a plaintiff must allege that (1) a prison official knew of the prisoner's possible overdetention and the risk that unwarranted punishment was being, or would be, inflicted; (2) the official failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) there was a causal connection between the official's response, or lack thereof, and the overdetention.  Sample, 885 F.2d at 1110.

---

[8] A ministerial error includes, among other things, arithmetic errors, clerical errors, such as those resulting from inaccurate copying, duplication, or misplacement of documents, or other errors that the prison authority considers ministerial.  Cf. 19 U.S.C. § 1675.

13

Accepting Herrera's allegations as true, (1) Herrera was informed that his maximum release date was changed to February 2020 and he asked Board and DOC officials to review the unexplained change to his release date and resulting delay in his release; (2) the Board and DOC officials did not respond to his requests, but rather pointed to each other as the entity responsible to address the situation; and (3) as a result of the Board's and DOC's inaction, and despite the February 2017 order, Herrera was detained approximately seven months beyond his maximum release date. Accordingly, Herrera pleads an Eighth Amendment overdetention claim.

B

Although Heck does not bar Herrera's claim as pleaded and his allegations present a plausible basis for relief, the face of his complaint suggests that his claims may be time-barred under Pennsylvania's two-year statute of limitations. Herrera alleges that his overdetention spanned from March 2019 to October 2019, but he did not submit his complaint until September 2022, more than two years after his injury. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (holding that the statute of limitations for a § 1983 claim arising in Pennsylvania is two years (citing 42 Pa. Cons. Stat. § 5524)); see also id. (providing that a cause of action generally accrues "at the time of the last event necessary to complete the tort, usually [when] the plaintiff suffers an injury"). Nevertheless, a liberal construction of his allegations suggests that he (1) spent time exhausting administrative remedies by raising his concern with the Board and DOC; (2) lacked access to the supplies necessary to prepare his complaint; and (3) suffered from mental illness during the pandemic that prevented him from raising his claims sooner. Because such circumstances

14

might support statutory tolling, see Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015) (holding that Pennsylvania's statute of limitations is tolled "while a prisoner exhausts administrative remedies"), or equitable tolling, see Kach, 589 F.3d at 643 (holding that equitable tolling applies where extraordinary circumstances prevented plaintiff from asserting his claim), we will remand to allow Herrera to amend his complaint to further allege facts concerning administrative exhaustion, his inability to access documents, and his mental health that may support tolling the statute of limitations. See Dooley, 957 F.3d at 376.[9]

## III

For the foregoing reasons, we will vacate and remand.

---

[9] At Herrera's request, his counsel raised additional issues, but we need not address them to resolve this appeal.