**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1650
_____

JEFFREY L. MARCH, II,
                                        Appellant

v.

DEPARTMENT OF DEFENSE, DOD; DEFENSE FINANCE ACCOUNTING
SERVICE, DFAS; U.S. TREASURY BUREAU OF FISCAL SERVICE
ADMINISTRATION WAGE GARNISHMENT DIVISION, AWG
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00134)
District Judge:  Honorable William S. Stickman IV
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 20, 2025

Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 21, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Jeffrey L. March, II, appeals pro se from the District Court's March 26, 2025 order dismissing his amended complaint with prejudice. For the reasons that follow, we will vacate that judgment and remand for further proceedings.

I.

March is a veteran of the United States Army. In January 2025, he commenced a pro se civil action in the District Court against the United States Department of Defense ("DOD"), the Defense Finance Accounting Service ("DFAS"), and the Administrative Wage Garnishment Division of the United States Treasury Department's Bureau of Fiscal Service. His complaint was 247 pages long and was accompanied by over 100 pages of exhibits. On February 24, 2025, the District Court dismissed the complaint without prejudice to March's ability to file an amended complaint. In doing so, the District Court explained that the complaint failed to comply with Federal Rule of Civil Procedure 8's short-and-plain-statement requirement, as that pleading was "rambling and ambiguous, and it d[id] not give any defendant fair notice of the claims asserted against them." Dist. Ct. Dkt. No. 5, at 3-4.

March promptly filed an amended complaint, which was six pages long and did not attach, rely on, or refer to any exhibits. The District Court screened this new pleading and, on March 26, 2025, entered an order addressing it. In that order, the District Court began by observing that the amended complaint "fails to set forth any factual allegations." Dist. Ct. Dkt. No. 13, at 2. The District Court then looked to, inter alia, March's *original* complaint to evaluate the amended complaint. See id. Based on that

evaluation, the District Court concluded that the amended complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, noting that further amendment would be futile. See id. at 8. March then timely filed this appeal, challenging the March 26, 2025 order.[1]

II.

In this case, the District Court received a barebones amended complaint in response to its dismissing an exceedingly long complaint that lacked clarity and bombarded the reader with content. We sympathize with the District Court's predicament, and we agree with the District Court that March's amended complaint is devoid of non-conclusory factual allegations. But we disagree with the District Court's decision to look to March's original complaint to help fill the factual void in his amended complaint. See Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) ("If a plaintiff amends h[is] complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case." (internal quotation marks omitted)). And given that void, we cannot confidently conclude that further amendment by March would be futile. Accordingly, we will vacate the District Court's judgment, and we will remand this case so that the District Court can afford March one more chance to file a compliant pleading.[2]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's March 26, 2025 order. See Herrera v. Agents of Pa. Bd. of Prob. & Parole, 132 F.4th 248, 254 n.5 (3d Cir. 2025).

[2] To the extent that March raises issues for the first time on appeal, they are not properly before us. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006). March's motion for appointment of counsel on appeal is denied without prejudice to his ability to

We note that to survive dismissal, a pleading must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation to quoted case omitted). A pleading that merely "offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" is insufficient. Id. at 678 (alteration in original) (internal quotation marks omitted). A pleading must also contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim[(s)] showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).

March should keep these points in mind in preparing a second amended complaint on remand. For example, to the extent that he seeks to allege a violation of 10 U.S.C. § 1177,[3] see Dist. Ct. Dkt. No. 11, at 3, his second amended complaint should include non-conclusory factual allegations demonstrating that (1) this statute is applicable in his situation, and (2) it was indeed violated. To the extent that he contends that a wage-garnishment notification letter was not sent to the correct address, see id. at 4; Dist. Ct. Dkt. No. 12, at 1-2, his second amended complaint should include non-conclusory factual allegations establishing that the letter in question was not sent to his "last known

seek appointment of counsel in the District Court. We take no position on whether the District Court should grant such a motion.

[3] Under this statute, the Secretary of a military department shall ensure that certain members of the armed forces receive, before separation, "a medical examination to evaluate a diagnosis of post-traumatic stress disorder or traumatic brain injury." 10 U.S.C. § 1177(a).

address." 31 U.S.C. § 3720D(b)(2). And to the extent that he might be trying to claim that the DOD has failed to address his request to correct his Expiration of Term of Service date, see Dist. Ct. Dkt. No. 11, at 5, his second amended complaint should include non-conclusory factual allegations demonstrating that any delay in considering that request is unreasonable. See Prometheus Radio Project v. FCC, 824 F.3d 33, 39-40 (3d Cir. 2016).[4] Finally, if March intends to challenge a specific decision by the Army, an Army board, or some other entity within the DOD, he should identify the decision and the decisionmaker.

---

[4] In providing these examples, we do not intend to limit the allegations or claims that March may include in a second amended complaint. Nor do we intend to foreclose any arguments or defenses that the defendants might wish to raise in response to a second amended complaint.