**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1380
_____

TODD FERRY,
                              Appellant

v.

CYNTHIA PACE, PSP TROOPER; NORTHERN BEDFORD COUNTY SCHOOL
DISTRICT; B. E. K.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-00260)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 13, 2025

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 8, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Todd Ferry appeals pro se from three decisions entered by the District Court in this civil-rights action that he brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

I.

In 2022, while Ferry was in Pennsylvania state prison for offenses unrelated to this case, he was charged in a criminal complaint with numerous counts stemming from his alleged molestation of his ex-girlfriend's minor daughter, B.E.K., in 2014. Trooper Cynthia Pace of the Pennsylvania State Police authored the criminal complaint's affidavit of probable cause. The affidavit was based on Pace's interview with B.E.K.'s mother, as well as B.E.K.'s interview at the Children's Advocacy Center in Johnstown, Pennsylvania.

It appears that, in 2024, those criminal charges against Ferry were dismissed on speedy-trial grounds. Later that year, he filed in the District Court a pro se § 1983 complaint against Pace, B.E.K., and the Northern Bedford County School District ("NBCSD"). Ferry's complaint alleged that B.E.K.'s accusations were false and defamatory, that Pace had failed to investigate those accusations, and that NBCSD (the district where B.E.K. had attended school) had, in response to a subpoena, provided Ferry with the wrong address for B.E.K. In light of these allegations, Ferry sought $75 million in damages.

The District Court screened Ferry's complaint and dismissed it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may

be granted. In doing so, the District Court concluded that "the [c]omplaint lacks any substantive argument or facts to support the bald-faced assertions against Defendants that they committed wrongs against him." Dist. Ct. Dkt. No. 9, at 4. Ferry subsequently filed a "Motion to Correct Error and Reopen Case" (which the District Court construed as a motion for reconsideration) and a "Motion for Reconsideration" (which the District Court construed as a second motion for reconsideration). The District Court denied those two motions in separate orders. In the order denying the second motion for reconsideration, the District Court clarified that it was declining to exercise supplemental jurisdiction over Ferry's state-law claims. This appeal followed, which challenges all three of the District Court's decisions.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision dismissing Ferry's complaint. See Herrera v. Agents of Pa. Bd. of Prob. & Parole, 132 F.4th 248, 254 n.5 (3d Cir. 2025). And we review the District Court's decisions denying his motions for reconsideration for abuse of discretion, exercising de novo review over the District Court's legal conclusions and reviewing its factual findings for clear error. See United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014). Reconsideration is warranted only if the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

3

669, 677 (3d Cir. 1999). We may affirm a district court's decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation to quoted case omitted). A pleading that merely "offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" is insufficient. Id. at 678 (alteration in original) (internal quotation marks omitted). Here, we agree with the District Court that Ferry's complaint failed to meet the Iqbal standard. The question that remains is whether the District Court should have granted Ferry leave to amend his complaint.

"Pro se plaintiffs should be given an opportunity to amend their complaints unless it clearly appears that the deficiency cannot be overcome by amendment." Montanez v. Price, --- F.4th ----, No. 23-2669, 2025 WL 2846695, at *14 (3d Cir. Oct. 8, 2025) (precedential) (quoting Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)). In this case, the Clerk of this Court directed Ferry to address in his brief "whether the District Court erred in concluding that amendment of his complaint would be futile." 3d Cir. Dkt. No. 11. But Ferry's brief ultimately devoted little, if any, space to that issue. Indeed, the closest that his brief came to discussing amendment is when it stated the following: "If [the District Judge] wanted actual facts of the case, she could [have] contacted plaintiff

4

with a letter asking for all facts that favored the plaintiff. Plaintiff would [have] complied . . . ." 3d Cir. Dkt. No. 14, at 5.

Assuming for the sake of argument that Ferry has preserved the amendment issue, we cannot conclude that the District Court committed reversible error by not affording him leave to amend his complaint. For one thing, Ferry cannot bring a § 1983 action against B.E.K., as she is not a state actor. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Furthermore, despite Ferry's filing two motions for reconsideration and having had the opportunity to address amendment in his brief, he has not provided any factual allegations that might state a viable constitutional or federal claim against Trooper Pace or the NBCSD.[1] And in the absence of a viable constitutional or federal claim, it was appropriate for the District Court to decline to exercise supplemental jurisdiction over Ferry's state-law claims. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

In view of the above, we see no reason to disturb the District Court's decision dismissing Ferry's complaint or its subsequent decisions denying his motions for reconsideration. Accordingly, we will affirm those decisions.

---

[1] In reaching this conclusion, we have considered all the constitutional and federal claims that Ferry raised or may have intended to raise against Trooper Pace and the NBCSD. To the extent that Ferry might have intended to raise a malicious-prosecution claim against Trooper Pace, such a claim would fail because, inter alia, none of Ferry's filings (either in the District Court or in this Court) includes non-conclusory allegations that Trooper Pace's affidavit of probable cause was prepared "maliciously or for a purpose other than bringing [Ferry] to justice." Harvard v. Cesnalis, 973 F.3d 190, 203 (3d Cir. 2020).