DLD-115                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1441
_____

CHRISTOPHER A. ROGALSKI,
                                             Appellant

v.

LAUREATE EDUCATION, INC.; LAUREATE ONLINE EDUCATION BV;
THE UNIVERSITY OF LIVERPOOL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:20-cv-11747)
District Judge:  Honorable Edward S. Kiel
_____

Submitted on Laureate Education, Inc.'s Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 16, 2026

Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: April 30, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Christopher Rogalski appeals pro se from two post-judgment decisions entered by the District Court in this diversity action that he brought against Laureate Education, Inc. ("LEI"), Laureate Online Education BV, and the University of Liverpool (hereinafter collectively referred to as "Defendants"). LEI has moved to summarily affirm. We grant that motion and will summarily affirm the District Court's two post-judgment decisions.

I.

In 2020, Rogalski sued Defendants in New Jersey state court, raising claims for, inter alia, breach of contract and fraud related to his participation in an online LL.M. program. LEI, the only served defendant, removed the case to federal court, invoking the District Court's diversity jurisdiction under 28 U.S.C. § 1332(a). LEI then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing as follows: (1) a forum-selection clause ("FSC") in an annex to a student-agreement form required that the case be litigated in the Netherlands; and (2) in the alternative, Rogalski's claims were untimely under New Jersey's six-year statute of limitations. On September 30, 2022, the District Court granted LEI's motion, agreeing with LEI's first argument (the District Court did not reach the second argument).

Rogalski appealed from the District Court's September 30, 2022 judgment. In April 2023, we affirmed that judgment, albeit on a different basis than that relied on by the District Court.[1] We did not decide whether the FSC warranted dismissing Rogalski's

---

[1] We may affirm a district court's judgment on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

2

complaint; instead, we concluded that "LEI's statute-of-limitations argument in the District Court, which it maintain[ed] on appeal, is sound and on its own required dismissal of [the] complaint." *Rogalski v. Laureate Educ., Inc.*, No. 22-3004, 2023 WL 2882702, at *3 (3d Cir. Apr. 11, 2023) [hereinafter *Rogalski I*] (per curiam) (citation omitted).[2]  We also concluded that, to the extent an "aspect of his complaint may . . . be timely," that part of the complaint was "nevertheless moot." *Id.* at *4.  We subsequently denied his petition for rehearing and rehearing en banc, as well as his motion to certify certain issues to the New Jersey Supreme Court.  Thereafter, the United States Supreme Court denied his petition for a writ of certiorari and his related petition for rehearing.

Next, in March 2024, Rogalski returned to the District Court and filed a motion for relief under subsections (b)(1), (b)(4), and (b)(6) of Federal Rule of Civil Procedure 60.  That motion, in effect, attacked the District Court's September 30, 2022 decision and our judgment in *Rogalski I*.  On October 16, 2024, the District Court denied the motion, stating that "[t]his Court is without jurisdiction to grant any such relief [requested in the motion]."  Dist. Ct. Dkt. No. 27, at 6; *see id.* at 7 ("While Rogalski may feel aggrieved by the resolution of this matter . . ., this litigation is over.").

On March 11, 2025, the District Court received the following from Rogalski:  (1) a notice of appeal challenging the District Court's October 16, 2024 decision; (2) a motion to reopen the time to file that appeal pursuant to Federal Rule of Appellate Procedure

---

[2] We agreed with LEI that Rogalski's claims were untimely under New Jersey's six-year limitations period, *see Rogalski I*, 2023 WL 2882702, at *3, and we noted that applying a shorter limitations period under Dutch law "would not change the outcome," *id.* at *3 n.5.

3

4(a)(6); (3) a motion to reconsider the October 16, 2024 decision; (4) a brief in support of his Rule 60(b) motion, which the District Court appeared to construe as a second Rule 60(b) motion; and (5) a motion to recuse the district judge who had originally presided over this case (even though the case had since been reassigned to another district judge[3]). On March 18, 2025, the District Court entered a text-only order that granted Rogalski's Rule 4(a)(6) motion and denied his other motions.[4] On March 25, 2025, Rogalski timely amended his notice of appeal to include challenges to the parts of the District Court's March 18, 2025 decision that denied his second Rule 60(b) motion and his motion to reconsider the District Court's October 16, 2024 decision.

---

[3] The case was reassigned before the District Court entered its October 16, 2024 decision.

[4] In light of the District Court's grant of Rogalski's Rule 4(a)(6) motion, his appeal from the District Court's October 16, 2024 decision is timely.

4

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). "Generally, we review a district court's orders denying motions for reconsideration and for relief under Rule 60(b) for abuse of discretion . . . ." *Herrera v. Agents of Pa. Bd. of Prob. & Parole*, 132 F.4th 248, 254 n.5 (3d Cir. 2025). However, "we review legal determinations de novo and factual determinations for clear error," *id.*, and we exercise plenary review over a district court's denial of relief under Rule 60(b)(4), *see Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 n.5 (3d Cir. 2008).

We see no reason to disturb either the District Court's October 16, 2024 decision or its March 18, 2025 decision. To the extent that Rogalski's Rule 60(b) motions asked the District Court to vacate its September 30, 2022 decision, we cannot conclude that the District Court erred in denying those motions. "[A] Rule 60(b) motion may not be used as a substitute for an appeal." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotation marks omitted). Rogalski previously took advantage of his opportunity to appeal from the District Court's September 30, 2022 decision, and we resolved that appeal in *Rogalski I* on a different basis than that relied on by the District Court. Rogalski has failed to establish that, notwithstanding our affirming in that manner, vacatur of the District Court's September 30, 2022 decision is warranted. Furthermore, to the extent that his Rule 60(b) motions asked the District Court to overturn aspects of our judgment in *Rogalski I*, the District Court correctly indicated that it lacked the authority to do so. *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337

(3d Cir. 1982) (per curiam) (recognizing that a district court is "without jurisdiction to alter the mandate of this [C]ourt on the basis of matters included or includable in [the appellant's] prior appeal").

Because this appeal does not present a substantial question, we will summarily affirm the District Court's post-judgment decisions. *See* 3d Cir. I.O.P. 10.6. To the extent that Rogalski seeks any other relief from us, that relief is denied.